IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmie Lee Ford,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-15-00187-PHX-NVW (DKD)<br><br>**AMENDED REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

      After this Court issued a Report and Recommendation on the Petition for Writ of Habeas Corpus filed by Jimmie Lee Ford, Ford moved to amend his Petition. (Docs. 15, 16). Respondents did not file any response. Ford's motion was referred for a report and recommendation on whether his motion to amend should be granted and whether granting his motion would affect his previously filed motion to stay and abey his Petition. (Doc. 20)

      On close review of the record, it appears that Ford's motion to amend is an attempt to update the record and to add a new claim. The record presented to the Court by Respondents did not include any indication that Ford had a petition for review pending before the Arizona Court of Appeals. He did and, during the pendency of his Petition, the Court of Appeals granted review and denied relief in a petition for review that Ford had filed after the Maricopa County Superior Court had dismissed a subsequent petition for post-conviction relief alleging ineffective assistance of counsel.

Because of this newly complete record, the Court is issuing this amended report and recommendation with a complete history of the case that addresses Ford's Petition for Writ of Habeas Corpus, his motion to amend, and his additional pending motions.

**Background**

On November 8, 2008, after an eight day trial in Maricopa County Superior Court, a jury found Ford guilty of two counts of aggravated assault, both dangerous offenses; one count of possession of narcotic drugs; and one count of possession of marijuana. (Doc. 10, Ex. N)  At his sentencing in January 2009, the Court found that Ford had two previous felony convictions from another state and used those to enhance his aggravated assault sentences.  (Doc. 10, Ex. O)  On the same day as his sentencing, Ford signed to acknowledge receipt of a notice detailing his right to appeal and his right to post-conviction relief ("Notice of Right to Appeal").  (Doc. 10, Ex. P)

Direct Appeal.  On direct appeal, Ford successfully argued that his convictions should not have been enhanced by his prior out-of-state convictions; in April 2011, the Superior Court resentenced him on the aggravated assault counts only.  (Doc. 10, Exs. R, S, T, U, V, W, X)  Importantly for these purposes, there was no notice of appeal filed after his resentencing.

First Post-Conviction Relief Proceedings.  After the Court of Appeals issued its decision in his direct appeal but before it issued its mandate, Ford initiated post-conviction relief ("PCR") proceedings in Superior Court.[1]  (Doc. 10, Exs. V, W, CC)  His appointed counsel found no colorable claims and, with the Court's permission, Ford filed a *pro per* petition.  (Doc. 10, Exs. DD, EE, FF, GG)  In response, the State argued that Ford's petition violated Arizona Rule of Criminal Procedure 32.5 because it was not supported by any facts or legal citations, it raised claims that were precluded or waived, and his ineffective assistance of trial counsel argument failed to state a claim. (Doc. 10,

---

[1] Although the Notice is not in the record, it appears that Ford first initiated PCR proceedings during his direct appeal.  After his PCR counsel notified the Superior Court that he could not find any colorable claims, Ford filed a *pro per* PCR petition. (Doc. 10, Exs. Z, AA)  The Court then dismissed his petition without prejudice pending the conclusion of his direct appeal. (Doc. 10, Ex. BB)

1  Ex. HH)  On January 26, 2012, at the conclusion of briefing, the Superior Court
2  summarily dismissed Ford's post-conviction proceedings "for the reasons given in the
3  State's response." (Doc. 10, Exs. II, JJ, KK)

4  On March 7, 2012, Ford filed a petition for review in the Arizona Court of
5  Appeals. (Doc. 10, Ex. LL)  Less than a week later, the Court of Appeals dismissed it as
6  untimely. (Doc. 10, Ex. MM)  It appears that Ford then requested and received an
7  extension to file his *pro per* petition for review in the Court of Appeals; in accordance
8  with this extended deadline, he timely filed his petition for review where he listed seven
9  issues, did not detail any material facts, and listed certain briefs that he considered
10 relevant. (Doc. 10, Exs. OO at 4, QQ, TT)  He described his ineffective assistance of
11 counsel claim as follows: "First, the defendant must show that counsel's performance
12 was deficient . . . which is obvious.  Second, he must show that the deficient performance
13 prejudiced the defense.  State ex rel. Thomas V Rayes 214 Ariz. 411, 413, 153 P.2d 1040,
14 1042 (2007) defendant has met this test." [sic]  (*Id*.)  The petition does not contain any
15 additional explanation or argument; Ford expanded on his arguments in his reply brief.
16 (Doc. 10, Ex. SS)

17 At the conclusion of briefing on his petition, Ford's case was reassigned to
18 Division Two of the Court of Appeals which, on August 26, 2013, granted review and
19 denied relief. (Doc. 10, Exs. RR, SS, UU)  Specifically, the Court concluded that, with
20 the exception of his claim for ineffective assistance of trial counsel, all of Ford's claims
21 were precluded by his failure to raise them at trial or on appeal. (Doc. 10, Ex. UU at ¶ 5)
22 The Court also found that Ford's ineffective assistance claim did not comply with
23 Arizona Rule of Criminal Procedure 32.9(c) "in any meaningful way" and found that the
24 Superior Court did not abuse its discretion in rejecting his claims.  Specifically, Ford only
25 made a "bald assertion that counsel erred" and, therefore, he did not show that counsel's
26 performance was deficient under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
27 (*Id*. at ¶ 6)  Ford moved for reconsideration and also sent a letter to Division One of the
28 Court of Appeals asking for information. (Doc. 10, Exs. VV, TT)  The Court denied his

motion for reconsideration, and, subsequently, the Clerk of the Court for Division One responded to his letter. (Doc. 10, Exs. VV, WW)

Ford petitioned the Arizona Supreme Court for review and, on March 4, 2014, the Supreme Court denied review. (Doc. 10, Exs. XX, YY) It appears that Ford did not petition the Supreme Court of the United States for certiorari.

Second PCR Proceedings. Shortly after Ford petitioned the Court of Appeals from the dismissal of his second post-conviction proceedings, he filed an amended petition for post-conviction relief in Superior Court. (Doc. 10, Ex. NN) The State responded that Ford was not entitled to amend his petition and the Court agreed. (Doc. 10, Exs. OO, PP)

Third PCR Proceedings. In October 2013, Ford filed a Notice of Post-Conviction Relief in the Maricopa County Superior Court arguing that his resentencing attorney had failed to file a timely notice of appeal. (Doc. 10, Ex. ZZ) The Superior Court dismissed his Notice because it failed to state a claim for which relief can be granted in an untimely Rule 32 proceeding. (Doc. 10, Ex. AAA) In so doing, the Court noted that Ford had received a Notice of Rights to Appeal in conjunction with his original sentencing in January 2009 which detailed the time frames for timely initiating appeals and post-conviction relief. (Doc. 10, Exs. P, AAA)

Ford's motion for reconsideration was denied. (Doc. 10, Ex. BBB, CCC) Ford then petitioned the Arizona Court of Appeals for review. The Court of Appeals granted review and denied relief ("Resentencing Decision"). The Court noted that Ford had filed a timely petition for post-conviction relief after his resentencing but did not include any claims of ineffective assistance of resentencing counsel. *State v. Ford*, 2015 WL 3367991 at ¶ 4. (Doc. 14 at 5-7) Because Ford could have raised any of his ineffective assistance of counsel claims in his timely post-conviction proceedings, the Court of Appeals found that Arizona Rule of Criminal Procedure 32.2(a) precluded his subsequent claims of ineffective assistance of counsel. *Id*.

Habeas Corpus. On February 4, 2015, Ford filed a Petition for Writ of Habeas Corpus in this Court and argued that the Superior Court committed structural error by

finding that Ford was voluntarily absent during a portion of voir dire; that he received ineffective assistance of trial, appellate, and post-conviction counsel; and that the Arizona Court of Appeals should have remanded his sentencing differently. (Doc. 1) In response, Respondents argued that his Petition was untimely and fails on the merits. (Doc. 10) In addition to a reply, Ford also moved for a stay and abeyance and attached the Resentencing Decision. (Docs. 13, 14 at Ex. A)

<u>Motion to Amend Petition for Writ of Habeas Corpus</u>. After the Report and Recommendation was issued in this case, Ford moved to amend his Habeas Petition to include the claims addressed by the Court of Appeals in its Resentencing Decision namely that Ford received ineffective assistance of counsel because (1) his trial attorney did not appeal after he was resentenced and (2) his post-conviction counsel did not include a claim that his trial counsel should have appealed from resentencing. (Doc. 16)

## Legal Standard

<u>Timely Filing</u>. A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). A "judgment becomes final at the expiration of the time for seeking such review—when the time for pursuing direct review in th[e U.S. Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

<u>Exhaustion of Remedies</u>. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate

manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

**Analysis**

Petition for Writ of Habeas Corpus. Respondents first argue that Ford's Petition in this Court is untimely because his petition for review was rejected by the Court of

Appeals as untimely and, therefore, did not toll his one year clock for filing a habeas petition. (Doc. 10 at 14-21) Because it appears clear from the record that Ford requested and received an extension from the Court of Appeals, this argument is not well-taken.

The Court notes that the record does not contain Ford's request or the Court of Appeal's grant of the extended time for filing a petition for review. However, this extension is discussed by the State during a contemporaneous response to Ford's third post-conviction proceeding in Superior Court. (Doc. 10, Ex. OO at 4) Moreover, this extension is implied in the Court of Appeals' acceptance of Ford's petition for review as timely filed and its post-decision correspondence with Ford. (Doc. 10, Ex. TT)

The Arizona Supreme Court denied review of Ford's post-conviction proceedings on March 4, 2014, and Ford filed his Petition less than a year later, on February 4, 2015. Accordingly, it was timely filed.

However, the Court cannot consider Ford's claims because he did not exhaust the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Ford needed to fairly present his claims to the Arizona Court of Appeals by providing, in a procedurally appropriate manner, the facts underlying his claims and their federal basis. Ford did not do so for any of the claims in his Petition and so he did not exhaust any of them.

At most, Ford presented an ineffective assistance of trial counsel claim to the Court of Appeals but, as that Court noted, he did not provide any supporting facts. Instead, he said that the claim was "obvious" and summarily concluded that he had met the requisite legal standard. This is not a statement of the facts which could entitle Ford to habeas relief. Accordingly, Ford did not exhaust his ineffective assistance of trial counsel claim.

All of the claims originally presented in Ford's Habeas Petition are now subject to an implied procedural bar because they were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from

raising his claim in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Motion to Amend. In the Resentencing Decision, the Court of Appeals found that Ford's claim of ineffective assistance of counsel was precluded. This means that his claim is now subject to an express procedural bar because the state court's denial of his claim was based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

Pursuant to the Court's direction, Ford filed a supplemental brief arguing either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. (Doc. 21) Ford first argues that the Superior Court was wrong as a matter of law when it dismissed his subsequent and untimely Notice. (Doc. 22 at 2-3) This argument fails because the Superior Court made a determination under state law and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)

Next, Ford argues that his resentencing counsel was ineffective because he failed to file a notice of appeal after Ford's resentencing and this ineffective assistance is sufficient cause to excuse the delay. (Doc. 16 at 2-5; Doc. 22 at 4) Under clearly established federal law, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Extending this into habeas proceedings, the Ninth Circuit has concluded

> that a defendant's reliance on his counsel to file a direct appeal is sufficient cause to excuse the defendant's procedural default in failing to file a timely post-conviction relief petition, *provided that* the defendant establishes (1) he actually believed his counsel was pursuing his direct appeal, (2) his belief was objectively reasonable, and (3) he filed his state post-conviction relief petition within a reasonable time after he should have known that his counsel was not pursuing his direct appeal.

*Loveland v. Hatcher*, 231 F.3d 640, 644 (9th Cir. 2000) (citing *Flores-Ortega*, 528 U.S. 470) (emphasis in original).

In furtherance of his claim, Ford has submitted a notarized affidavit from October 2013[2] stating that (1) based on his conversation with counsel during his April 2011 resentencing, he expected his appointed counsel to file a notice of appeal, (2) he did not intend to relinquish his right to an appeal, and (3) he wrote to counsel about his notice of appeal in September 2013. (Doc. 16-1 at 15)

Assuming without deciding that his affidavit means that Ford meets the first two prongs of the *Loveland* test described above, Ford cannot show cause to excuse his procedural default because he cannot show that he "he filed his state post-conviction relief petition within a reasonable time after he should have known that his counsel was not pursuing his direct appeal." *Id*. According to his own affidavit, Ford – an experienced and prolific *pro per* litigator – talked to his resentencing counsel in April 2011 about his appeal and then did not follow-up with this counsel until nearly 2.5 years later in September 2013. Two and a half years is not a reasonable amount of time to wait.

Because Ford cannot overcome the procedural default, his amendment is futile and should not be granted. *Bonin v. Calderon*, 59 F. 815, 845 (9th Cir. 1995) (leave to amend may be denied based upon futility alone). *See also Perry v. Norris*, 107 F.3d 665, 667 (8th Cir. 1997) (when there is no procedural gateway available for hearing an otherwise barred claim, amendment is properly denied as futile); *Beverly v. Walker,* 899 F.Supp. 900, 908 (N.D.N.Y.1995) ("Because the state court made an adequate and independent finding of procedural default, and because petitioner has not made any attempt to show cause or prejudice, this Court will not review his claim. Accordingly it would be futile to allow petitioner to amend his habeas petition.").

Stay and Abeyance. In his supplement, Ford acknowledged that his Motion for Stay and Abeyance "may now be moot" because the Arizona Court of Appeals has issued

---

[2] It appears that this affidavit was intended to be attached to his Third PCR filed in November 2013. (Doc. 10, Exs. ZZ, BBB)

- 9 -

1 its decision. (Doc. 22 at 2:1-2) The Court agrees and will therefore recommend that this
2 motion be denied. *Mitchell v. Valenzuela,* 791 F.3d 1166 (9th Cir. 2015); *Bastidas v.*
3 *Chappell*, 791 F.3d 1155 (9th Cir. 2015).

4  **IT IS THEREFORE RECOMMENDED** that Jimmie Lee Ford's petition for
5 writ of habeas corpus be **denied and dismissed with prejudice**.

6  **IT IS FURTHER RECOMMENDED** that Ford's Motion to Stay and Abeyance
7 be denied as moot. (Doc. 14)

8  **IT IS FURTHER RECOMMENDED** that Ford's Motion to Amend be denied as
9 futile. (Doc. 16)

10  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and
11 leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition
12 is justified by a plain procedural bar and jurists of reason would not find the ruling
13 debatable.

14  This recommendation is not an order that is immediately appealable to the Ninth
15 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
16 of Appellate Procedure, should not be filed until entry of the district court's judgment.
17 The parties shall have fourteen days from the date of service of a copy of this
18 recommendation within which to file specific written objections with the Court. *See*, 28
19 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter,
20 the parties have fourteen days within which to file a response to the objections. Failure
21 timely to file objections to the Magistrate Judge's Report and Recommendation may
22 result in the acceptance of the Report and Recommendation by the district court without
23 further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
24 Failure timely to file objections to any factual determinations of the Magistrate Judge will
25 be considered a waiver of a party's right to appellate review of the findings of fact in an
26 ///
27 ///
28 ///

order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 21st day of December, 2015.

_____
David K. Duncan
United States Magistrate Judge

- 11 -